UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ARRIAGA,<br><br>        Plaintiff<br><br>        v.<br><br>DAVID JOHNSON, JR., and DOES 1-10, inclusive,<br><br>        Defendants | CASE NO. 1:17-CV-0023 AWI JLT<br><br>ORDER SUA SPONTE REMANDING MATTER TO THE KERNCOUNTY SUPERIOR COURT |

    Defendant removed this case from the Superior Court of Kern County on January 6, 2017. See Court's Docket Doc. No. 1. Defendant asserts that the basis for removal is the presence of a federal question. Specifically, Defendant contends that the complaint encompasses 12 U.S.C. § 5220. It is through the invocation of 12 U.S.C. § 5220 that Defendant asserts that federal question jurisdiction exists. See id.

    A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means

1   that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042;
2   Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a
3   removed case "must be rejected if there is any doubt as to the right of removal in the first
4   instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485
5   (9th Cir. 1996); Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district
6   court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson
7   v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is
8   mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see
9   California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). That is, the court
10  "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a
11  party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

12  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded
13  complaint rule,' which provides that federal jurisdiction exists only when a federal question is
14  presented on the face of the plaintiff's properly pleaded complaint." California v. United States,
15  215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, 375 F.3d at 838; Duncan, 76 F.3d at 1485.
16  Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the
17  plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation
18  of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at
19  1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the
20  defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense
21  is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987);
22  Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002); see also Vaden v.
23  Discover Bank, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that a federal question
24  lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise
25  under federal law.").

26  Here, Defendant has not shown that removal was appropriate. The complaint filed by
27  Plaintiff is an unlawful detainer action that is based entirely on state law. In numerous unlawful
28  detainer actions, courts have recognized that 12 U.S.C. § 5220 is not a valid basis for removal.

1  E.g. Creekside Holdings, LTD v. Hernandez, 2016 U.S. Dist. LEXIS 176855, *2-*4 (S.D. Cal.
2  Dec. 21, 2016); Jeet v. Henderson, 2016 U.S. Dist. LEXIS 152152, *2-*4 (E.D. Cal. Nov. 2,
3  2016); Richardson v. Haygood, 2016 U.S. Dist. LEXIS 44065, *2-*3 (C.D. Cal. Mar. 26, 2016).
4  As the complaint is only one for an unlawful detainer, the defensive invocation of § 5220 is
5  insufficient.  See id.; see also Vaden, 129 S.Ct. at 1278.   Therefore, because there is no federal
6  question appearing in Plaintiff's complaint, Defendant has failed to invoke this Court's
7  jurisdiction.  Remand to the Kern County Superior Court is appropriate and mandatory.  28 U.S.C.
8  § 1447(c); Geographic Expeditions, 599 F.3d at 1107; Bruns, 122 F.3d at 1257; Page, 45 F.3d at
9  133.

   Accordingly, IT IS HEREBY ORDERED that, per 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is REMANDED forthwith to the Superior Court of Kern County.

IT IS SO ORDERED.

Dated:   January 9, 2017                            _____
                                                    SENIOR  DISTRICT  JUDGE